IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| YVONNE TAYLOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 11-mc-204-JWL |
| | ) |
| PITTSBURGH MERCY HEALTH SYSTEM, INC., | ) ) |
| | ) |
| Defendant. | ) |

## ORDER TO SHOW CAUSE

Plaintiff filed this miscellaneous civil action on February 4, 2011 to enforce a third-party subpoena issued in this District in connection with a wage and hour suit pending in the U.S. District Court for the Western District of Pennsylvania. As explained below, the record is a complete mess.

Plaintiff's motion **(doc. 1)** on its face seeks to compel the National Database of Nursing Quality Indicators ("NDNQI") to produce certain documents and to provide testimony concerning same. Plaintiff's supporting memorandum (doc. 2) asks the court to order the University of Kansas Medical Center ("UKMC"), *not* NDNQI, to comply with the subpoena; the supporting memorandum (and attachments to plaintiff's motion) suggest, however, that UKMC's School of Nursing "houses" the NDNQI, and further that the NDNQI is "maintained" by the University of Kansas Medical Center Research Institute, Inc. ("KUMCRI") *and* the American Nurses Association ("ANA").

The court will put aside for now whether NDNQI is an entity capable of being the subject of the enforcement motion.  Likewise, the court will put aside whether UKMC has been properly named or served as a respondent in this enforcement matter.

The record shows that Jocelyn Winston, an in-house lawyer employed by the ANA, sent a letter on August 19, 2010 to plaintiff's counsel asserting myriad objections to the subpoena on behalf of ANA and KUMCRI (*see* doc. 1, Ex. E).  The record also shows that on February 8, 2011 plaintiff served a copy of her motion on Christine Nicolaides Kearns, an attorney with the law firm of PillsburyWinthrop Shaw Pittman LLP in Washington, DC, by electronic mail and first class mail (*see* doc. 3).  The court is inclined to infer that Ms. Winston turned over this dispute to Ms. Kearns and that Ms. Kearns represents ANA and KUMCRI.  But the record simply is unclear with regard to the precise capacity in which Ms. Kearns was served, despite the clear requirements of D. Kan. Rule 5.1(g)(2).

Notably, even though this action has been on file for over one month, Ms. Kearns has not filed an entry of appearance.  Nothing of record informs the court whether – or when – she plans to enter her appearance and file a response to plaintiff's motion.

Nothing of record before this court suggests that plaintiff has served the subject motion on Pittsburgh Mercy Health System, Inc., the defendant in the underlying litigation in the Western District of Pennsylvania.  Perhaps it has objections to enforcement of the subpoena.  Perhaps not.  But simple courtesy seems to suggest that defendant should have that opportunity, instead of plaintiff seeking what would appear from the record to be ex parte relief.

Finally, and perhaps most importantly, although the record suggests the movant to *some* degree has tried to work out this discovery dispute before involving the court, the court has concerns whether plaintiff's counsel has conferred to the extent called for by D. Kan. Rule 37.2. Plaintiff attached a "Certificate of Conference" to her supporting memorandum (doc. 2, at 14-15) describing some e-mails and telephone calls made in an attempt to confer. The certificate lists communications with "counsel for the ANA and UKMC" but lacks the name(s) of counsel. Regardless, the court sees even more fundamental problems about whether plaintiff has complied with the spirit of this rule.

These are just *some* of the problems the court discerns from reviewing what has been filed. There may be a host other problems, procedural and substantive. And of course the court acknowledges the lawyers involved may have worked out some time-table to brief the dispute but neglected to confirm the agreement by filing something.

In any event, for the foregoing reasons, plaintiff is hereby directed to show cause in writing to the undersigned U.S. Magistrate Judge, on or before **March 18, 2011**, why this enforcement action should not be dismissed.

IT IS SO ORDERED.

Dated March 9, 2011, at Kansas City, Kansas.


    s/James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge